# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **WENDY A. BAHNSEN et al.**<br><br>          Plaintiffs,<br><br>     v.<br><br>**BOSTON SCIENTIFIC NEUROMODULATION CORPORATION,**<br><br>          Defendant. | **Honorable Susan D. Wigenton**<br><br>**Civil Action No. 11-cv-1210** |

## RELATORS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT, BOSTON SCIENTIFIC NEUROMODULATION CORPORATION'S MOTION TO DISQUALIFY BLANK ROME LLP

Nicholas C. Harbist
Blank Rome LLP
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
Telephone:  609-750-2991
Facsimile:  609-897-7442
*Attorneys for Relators*

Thomas J. Poulin
W. Scott Simmer
Blank Rome LLP
Watergate
600 New Hampshire Ave., NW
Washington DC 20037
Telephone:  202-772-5986
Facsimile:  202-572-8432
*Of Counsel*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1
II. FACTUAL BACKGROUND................................................................................3
    A. Relators' Retention Of Company Documents And Disclosure Of Documents Thru Counsel To The Government Is Protected Activity Under The False Claims Act And Not Actionable. ..................................................................................4
    B. Relators' Counsel Cannot be Disqualified Under RPC 3.7(A) Because Counsel Will Not Be Necessary Fact Witnesses. ................................................................6
    C. Blank Rome, As A Firm, Cannot Be Disqualified..................................................11
III. CONCLUSION....................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*AAMCO Transmissions, Inc. v. Baker*,
  2008 U.S. Dist. LEXIS 102472 (E.D. Pa. Dec. 18, 2008) ................................... 10

*Cafaro v. HMC Int'l, LLC*,
  2012 U.S. Dist. LEXIS 146697 (D.N.J. Oct. 11, 2012) ....................................... 6

*Carlyle Towers Condo Ass'n v. Crossland Sav. F.S.B.*,
  944 F. Supp. 341 (D.N.J. 1996) ...................................................................... 6, 7

*Cavallaro v. Jamco Property Mgmt.*,
  334 N.J. Super. 557 (App. Div. 2000) ............................................................... 6

*City of Atlantic City v. Trupos*,
  201 N.J. 447 (2010) ........................................................................................... 7

*Essex Chem. Corp. v. Hartford Accident & Indem. Co.*,
  975 F. Supp. 650 (D.N.J. 1997) ........................................................................ 7

*FDIC v. United States Fire Ins. Co.*,
  50 F.3d 1304 (5th Cir. 1995) .......................................................................... 1, 2

*Freeman v. Vicchiarelli*,
  827 F. Supp. 300 (D.N.J. 1993) ........................................................................ 8

*Host Marriott Corp. v. Fast Food Operators*,
  891 F. Supp. 1002 (D.N.J. 1995) ................................................................. 9, 11

*J.G. Ries & Sons v. Spectraserv, Inc.*,
  384 N.J. Super. 216 (App. Div. 2006) ........................................................... 8, 9

*Lachman v. Sperry-Sun Well Surveying Co.*,
  457 F. 2d 850 (10th Cir. 1972) ......................................................................... 5

*Main Events Prods. v. Lacy*,
  220 F.Supp. 2d 353 (D.N.J. 2002) .................................................................. 12

*Neal v. Honeywell*,
  826 F. Supp. 266 (N.D. Ill. 1993) ..................................................................... 4

*Oswell v. Morgan Stanley Dean Witter & Co.*,
   2007 U.S. Dist. LEXIS 62072 (D.N.J. Aug. 22, 2007) ...................................9, 10

*Spinello Cos. v. Metra Indus.*,
   2006 U.S. Dist. LEXIS 41875 (D.N.J. June 22, 2006)....................................9, 10

*Stoner v. Santa Clara County Office of Educ.*,
   502 F. 3d 116 (9th Cir. 2007) ...............................................................................5

*Tangible Value, Inc. v. Town Sports Int'l Holdings, Inc.*,
   2012 U.S. Dist. LEXIS 141580 (D.N.J. Oct. 1, 2012) .................................11, 12

*United States ex rel. Green v. Northrop Corp.*,
   59 F. 3d 956 (9th Cir. 1995) .................................................................................5

*United States ex rel. Head v. Kane Co.*,
   668 F. Supp. 2d 146 (D.D.C. 2009)......................................................................6

*United States ex rel. Lu v. Ou*,
   368 F. 3d 773, 775-76 (7th Cir. 2004).................................................................5

*United States v. Cancer Treatment Centers of America*,
   350 F. Supp. 2d 765 (N.D. Ill. 2004)....................................................................6

**STATUTES**

31 U.S.C. §§ 3730(b)(2), (e)(4)(B) ...........................................................................5

42 U.S.C. § 17921(1)(A).........................................................................................10

**OTHER AUTHORITIES**

ABA Model Code of Professional Responsibility EC5-10 (1981).......................5, 10

Advisory Comm. on Prof'l Ethics Op. 630 (October 12, 1989)..............................12

## I.   INTRODUCTION

> A disqualification inquiry, particularly when instigated by an opponent, presents a palpable risk of unfairly denying a party the counsel of his choosing . . . When, for purely strategic purposes, opposing counsel raises the question of disqualification, and subsequently prevails, public confidence in the integrity of the legal system is proportionately diminished.

*FDIC v. United States Fire Ins. Co.*, 50 F.3d 1304, 1316 (5th Cir. 1995).

In this False Claims Act case, Relators aver that Boston Scientific Neuromodulation Corporation ("Boston Scientific") defrauded Medicare and Medicaid by: (1) submitting claims misrepresenting the physician's order required for payment of such claims; (2) fraudulently changing diagnosis codes on claim forms from the real diagnosis; and, (3) fraudulently making up diagnosis codes in absence of a diagnosis from a physician. (Relators' First Amended Complaint ("FAC") ¶23). After complaining about these unlawful billing practices, Relators were disciplined for continually trying to stop this billing fraud. When Relators refused to sign off on the false claims, Bahnsen was summarily and unlawfully terminated from her employment and Fuentes was subjected to a hostile work place. (FAC ¶¶144, 154, 161 and 162).

In its Motion to Strike and this Motion to Disqualify, Boston Scientific claims that it will bring counterclaims based upon Relators' breach of their respective corporate agreements when they retained, and then turned over,

1

confidential and proprietary documents to their counsel (Def. Br. at 2). Because Relators' counsel are what Boston Scientific deems to be "necessary" witnesses to the Relators' breach of their corporate agreements, so the argument goes, Blank Rome should be disqualified. *Id.* But a close examination of Boston Scientific's assertions reveals not only the fallacy of this position under RPC 3.7, but also establishes that this Motion is made purely for "strategic purposes" as forewarned in *FDIC*, *supra*.

More importantly, Boston Scientific's position would eviscerate the very purpose of False Claims Act prosecutions which, by their very nature, rely on non-public information from insiders who – often at their own peril –blow the whistle on corrupt corporate conduct. Under Boston Scientific's view, because Relators' counsel used and relied upon documents in the Relators' possession to craft the Complaint and the Disclosure Statement – as mandated by the *qui tam* statute – Relators have violated their corporate agreements and, in turn, their attorneys have put themselves in the position of being "necessary" witnesses. Were this canard the law, Relators would never be able to secure counsel or provide material evidence of fraud to the Government. This is because a False Claims Act case cannot be brought by a Relator *pro se*, but must be drafted and filed by an attorney. The suggestion that an attorney can never review documents obtained from a whistleblower's employment and utilize them in a False Claims Act case, would

2

effectively render the False Claims Act a nullity. Accordingly, this Motion to Disqualify should be seen for what it really is – an attempt to blunt whistleblowers whom have come forward with evidence of corporate fraud. Their protected activity is not only a necessary part of how the False Claims Act functions, but their conduct is encouraged in order to uncover fraud that would otherwise go undetected. Together with Defendant's Motion to Strike, this is – a weak ploy to fend off credible evidence of its fraud. As such, this purely strategic motion should be denied.

## II.   FACTUAL BACKGROUND

In or about October 2010, Relators retained Blank Rome LLP to represent them in a *qui tam* action against Boston Scientific. (Bahnsen Dec. ¶ 1; Fuentes Dec. ¶1). As set forth in paragraphs 12 and 15 of the FAC, prior to filing the action the Relators voluntarily provided non-public information in their possession to the Government.

After the Government conducted its investigation and eventually declined intervention on February 23, 2012, the Relators sought leave of counsel for Boston Scientific, and then filed the FAC making additional factually specific allegations.[1]

---

[1] The Relators also deny that the tables set forth in the FAC at paragraphs 37-41 include protected healthcare information. (*See* Opp'n to Motion to Strike at 22-24).

3

The Relators do not dispute that prior to their termination and their retention of Blank Rome as counsel, they were engaged in protected activity under the False Claims Act, by their investigation of billing fraud and, in furtherance of this investigation, retained Boston Scientific documents which came into their possession during the course of their employment, and which establish and support the violations of the False Claims Act. (Bahnsen Dec. ¶3; Fuentes Dec. ¶3). These documents were ultimately turned over to the Government through counsel pursuant to the disclosure statement mandated by the *qui tam* statute. (Bahnsen Dec. ¶3; Fuentes Dec. ¶3). Because Relators' collection of these documents during the course of their employment was in furtherance of their False Claims Act investigation, Relators' efforts are protected activity under the statute, and are not actionable.

## ARGUMENT

### A. RELATORS' RETENTION OF COMPANY DOCUMENTS AND DISCLOSURE OF DOCUMENTS THRU COUNSEL TO THE GOVERNMENT IS PROTECTED ACTIVITY UNDER THE FALSE CLAIMS ACT AND NOT ACTIONABLE.

Because Relators' retention of Boston Scientific documents and disclosure of such documents in furtherance of a False Claims Act action to the Government is protected activity, the alleged breach of any corporate agreements is not actionable as a matter of law. One of the fundamental purposes of the False Claims Act is "to encourage any individual who knows of government fraud to

4

bring that information forward." Sen. R. No. 345, 99th Cong. 2d Sess., *reprinted in*, 1986 U.S.C.C.A.N. 5266, 5275 (history of the Act); *Neal v. Honeywell*, 826 F. Supp. 266 (N.D. Ill. 1993), *aff'd*, 33 F.3d 860 (7th Cir. 1994) (relying on H.R. Rep. No. 660, 99th Cong., 2d Sess., 22 (1986)). As explained more fully in Relators' Opposition to the Motion to Strike, private agreements that would frustrate the public interest and the Congressional objective of encouraging False Claims Act cases are unenforceable. (Opp'n to Motion to Strike at 8-16). Thus, the private agreements signed by Relators that restrain them from cooperating with investigations or disclosing matters of public consequence are unenforceable under public policy grounds. *See Lachman v. Sperry-Sun Well Surveying Co.*, 457 F. 2d 850 (10th Cir. 1972); *United States ex rel. Green v. Northrop Corp.*, 59 F. 3d 956, 963 (9th Cir. 1995). Indeed, the Relators are required under the False Claims Act to disclose to the Government all of the inside information used to file *qui tam* lawsuits on behalf of the Government. *See* 31 U.S.C. §§ 3730(b)(2), (e)(4)(B). Of course, Counsel plays an integral role in advocating Relators' protected activity. This is because a case brought by a Relator that can bind the United States to an adverse result must be brought by an attorney; not by a Relator acting *pro se*. *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116 (9th Cir. 2007), *cert. denied*, 552 U.S. 1281 (2008); *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004), *abrogated in part on other grounds by*, 556 U.S. 928 (2009).

5

In sum, because Relators lawfully obtaining and utilizing company documents in furtherance of a False Claims Act action is protected conduct under the False Claims Act, *United States ex rel. Head v. Kane Co.*, 668 F. Supp. 2d 146, 152 (D.D.C. 2009); *United States v. Cancer Treatment Centers of America*, 350 F. Supp. 2d 765, 773 (N.D. Ill. 2004), the corporate agreements upon which Boston Scientific's argument is based, are unenforceable as a matter of law.  Accordingly, Relators' counsel's review of the Boston Scientific documents and transmission of these documents to the Government cannot serve as the basis for disqualification.

**B.  RELATORS' COUNSEL CANNOT BE DISQUALIFIED UNDER RPC 3.7(A) BECAUSE COUNSEL WILL NOT BE NECESSARY FACT WITNESSES.**

The disqualification weapon brandished by Boston Scientific is a powerful and unwieldy one.  Because courts are required to afford substantial deference to parties' selection of counsel, Defendant's burden is high.  "[D]isqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'"  *Cafaro v. HMC Int'l, LLC*, 2012 U.S. Dist. LEXIS 146697, at *12 (D.N.J. Oct. 11, 2012) (citation omitted); *see also Carlyle Towers Condo Ass'n v. Crossland Sav. F.S.B.*, 944 F. Supp. 341, 345 (D.N.J. 1996) ("disqualification a drastic measure" which courts "hesitate to impose except when absolutely necessary").  It is a "harsh, discretionary remedy which must be used

6

sparingly." *See Cafaro*, *supra,* 2012 U.S. Dist. LEXIS 146697 at *13 (quoting *Cavallaro v. Jamco Prop. Mgmt.*, 334 N.J. Super. 557, 572 (App. Div. 2000)).

The party seeking disqualification bears the burden of persuasion of the necessity of disqualification, and must prove each element required. *See City of Atlantic City v. Trupos*, 201 N.J. 447, 462-63 (2010). A motion to disqualify opposing counsel must be based in "fact"; "surmise" is not enough to justify disqualification. *Id.* at 464, 469. And because disqualification of counsel during pending litigation renders a grave disservice to the affected client, courts must closely scrutinize the facts and precisely apply precedent to avoid injustice. *Carlyle Towers*, *supra* at 345. In evaluating the facts, "a party's choice of counsel is entitled to substantial deference." *Essex Chem. Corp. v. Hartford Accident & Indem. Co.*, 975 F. Supp. 650, 654 (D.N.J. 1997), *rev'd on other grounds* 993 F. Supp. 241 (D.N.J. 1998).

Boston Scientific asserts that Relators' counsel are the only individuals, other than the Relators, who witnessed Relators' breach of their corporate agreements and who possess Defendant's documents, and concludes that counsel is "certainly a necessary fact witness for the counterclaims" (Def. Br. at 5). Boston Scientific is both factually and legally incorrect.

First as a factual matter, Relators' counsel did not "witness" the Relators' taking of documents during their employment. At best, counsel can only

7

authenticate documents received from the Relators, after counsel had been retained. Rather, the Relators themselves are the only witnesses who would confirm that the documents were obtained during the course of their employment in furtherance of their lawful investigation of False Claims Act violations. (Bahnsen Dec. ¶3; Fuentes Dec. ¶3). Accordingly, Plaintiff's counsel are not only unnecessary "witnesses," but counsel's potential hearsay testimony would relate only to the uncontested issue that documents received by the Relators during the course of their employment and were not returned upon termination.[2] *See ABA Model Code of Professional Responsibility*, Canon 5, EC 5-10 (1981) (in effect prior to the Model Rules adopted in 1983) ("It is not objectionable for a lawyer who is a potential witness to be an advocate if it is unlikely that he will be called as a witness because his testimony would be merely cumulative or if his testimony will relate only to an uncontested issue.").

Second, as a matter of law, the "likely to be a necessary witness" requirement of RPC 3.7 cannot be satisfied by a mere representation by Defendant's counsel that the attorney will be called as a witness. *J.G. Ries & Sons v. Spectraserv, Inc.*, 384 N.J. Super. 216, 230 (App. Div. 2006). In contrast to *Freeman v. Vicchiarelli*, 827 F. Supp. 300, 302 (D.N.J. 1993), relied on by Defendant, where the attorney's testimony was the "primary evidence" to establish

---

[2] Boston Scientific cannot seriously contend that it would be entitled to question Blank Rome attorneys as to their privileged conversations with the Relators.

any "unlawfulness," here counsel is merely the custodian of records already obtained by the Relators. *Id*. at 303. Nothing counsel would testify to would fall into the category of "primary evidence" in this case. On the contrary, where other testimony is available on the precise issue, counsel is not "likely to be a necessary witness." *J.G. Ries*, *supra* at 231 (holding that Plaintiff's counsel's testimony regarding a letter he authored was not necessary where the letter could be introduced through the testimony of the party who had received it). *See also Oswell v. Morgan Stanley Dean Witter & Co.*, 2007 U.S. Dist. LEXIS 62072 at *10 (D.N.J. Aug. 22, 2007) ("under New Jersey Law . . ., a witness is 'truly necessary' if there are no documents or other witnesses that can be used to introduce the relevant evidence.") (citation omitted) (Simandle, C.J.); *Host Marriott Corp. v. Fast Food Operators*, 891 F. Supp. 1002, 1010 (D.N.J. 1995) (where evidence about intent would be available from the defendant himself, the "likelihood" that counsel is a necessary witness is "dubious").[3] As Boston Scientific concedes that the Relators can testify as to these very issues (Def. Br. at 2), disqualification is not permissible under RPC 3.7. *Spinello Cos. v. Metra Indus.*, 2006 U.S. Dist. LEXIS 41875 at *10 (D.N.J. June 22, 2006) (where all knowledge on the part of counsel came directly from his conversations with his

---

[3] The *Canons of Professional Ethics*, in effect in New Jersey prior to 1971, similarly provided that "[w]hen a lawyer is a witness for his client except as to merely formal matters, such as attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel." Canon 19.

9

clients, the purported necessary testimony sought from the attorney was well within the personal knowledge of the parties and disqualification was not warranted); *AAMCO Transmissions, Inc. v. Baker*, 2008 U.S. Dist. LEXIS 102472 at *2-6 (E.D. Pa. Dec. 18, 2008); O*swell*, *supra* at *10.

In sum, on these facts the Court cannot conclude that Boston Scientific has met its heavy burden to establish that counsel are likely to be "necessary" witnesses as, at best, counsel's proposed testimony is duplicative of the Relators' testimony and would amount to merely authentication evidence.[4] Imposing the "drastic remedy" of disqualification here would not only violate the text of RPC 3.7, but undermine the very purpose of the False Claims Act.[5] *Spinello, supra* at *6.

---

[4] *See also ABA Model Code of Professional Responsibility*, Canon 5, EC 5-10 (1981) (in effect prior to the Model Rules adopted in 1983) (noting that if an attorney's testimony is merely cumulative, it is unlikely that he or she will be required to testify).

[5] Similarly, Defendant's arguments that Relators' counsel should be disqualified because this representation violates rules RPC 1.2 (b) and 1.16 (a) are meritless. Contrary to Defendant's assertion, there is no evidence that Relators' counsel assisted or counseled Relators to remove documents from Boston Scientific's place of business since Relators obtained the documents prior to retention of Blank Rome. (Bahnsen Dec. ¶ ¶ 1, 3; Fuentes Dec. ¶¶ 1, 3). Relators' counsel cannot be said to have counseled the clients to remove protected health information from Boston Scientific, nor can it be argued that Blank Rome has caused the unique individually identifiable health information to be disclosed to counsel under these facts. *Id*. Moreover, for the reasons set forth more fully in Relators' Opposition to the Motion to Strike, the inclusion of patient claim information in the First Amended Complaint neither breached Relators' agreements with Boston Scientific, nor violated any provision of the Health Insurance Portability and Accountability

## C.     BLANK ROME, AS A FIRM, CANNOT BE DISQUALIFIED.

Boston Scientific asserts that Blank Rome should be disqualified as a firm and Relators must obtain "new counsel."[6]  This position is also incorrect under RPC 3.7, because Blank Rome as a firm cannot be disqualified, even if the Court concludes that a member of the firm is a "necessary" witness.  Moreover, even if an attorney from Blank Rome qualifies as a "necessary" witness, that attorney should be precluded only from acting as an advocate at trial; not as to all pre-trial matters.

RPC 3.7(b) provides that "[a] lawyer may act as an advocate at trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by RPC 1.7 or RPC 1.9."  Accordingly, disqualification of an attorney under RPC 3.7(a) is not imputed to the attorney's firm unless representation would also involve a conflict of interest between the lawyer and the client within the meaning of either RPC 1.7 or RPC 1.9.  *See Tangible Value, Inc. v. Town Sports Int'l Holdings, Inc.,* 2012 U.S. Dist. LEXIS 141580 at *6 (D.N.J. Oct. 1, 2012); *Host Marriott Corp., supra* at 1010 (noting that even if an attorney's testimony proved to be necessary in the matter, his firm would not be disqualified

---

Act ("HIPPA").  *See* 42 U.S.C. § 17921(1)(A).  Even if counsel can be said to have known of this conduct, there was no violation of HIPPA.  (*See* Opp'n to Motion to Strike at 16-24).

[6] While Boston Scientific's Proposed Order purports to request disqualification of Mr. Harbist only, the Order further seeks a stay of proceedings, so that Plaintiffs may obtain "new counsel." (*See* Def. Proposed Order).

11

from representing the defendant in the case). RPC 3.7 affected a substantial change in the law in this area, as previously the disciplinary rules mandated disqualification of both the lawyer and his or her firm. *See Advisory Comm. on Prof'l Ethics Op.* 630 (October 12, 1989).

Moreover, even if the Blank Rome attorney directly involved with Relators was a "necessary" witness, that attorney need not be disqualified from pre-trial proceedings, as the disqualification only precludes the attorney from acting as an advocate at trial. *See Tangible Value, Inc.*, s*upra* at *6 (no disqualification of attorney from pre-trial proceedings); *Main Events Prods. v. Lacy*, 220 F.Supp. 2d 353, 356-357 (D.N.J. 2002) (attorney who will testify at trial need not be disqualified from participating in pre-trial matters).

In sum, even if discovery ultimately reveals that a Blank Rome attorney is somehow a "necessary" witness beyond the issue of authentication of the documents received from the Relators, Blank Rome should not be disqualified as other attorneys at the firm may act as "an advocate at trial." *Tangible Value, supra* at *8-*11. Moreover, even if a Blank Rome attorney is "necessary" witness, that attorney can participate in pre-trial proceedings without violating RPC 3.7.

## III.  CONCLUSION

Unmasked for what it truly is, Boston Scientific's Motion to Disqualify has no basis in the law or in the fact, and is merely a strategic ploy aimed at depriving Relators of counsel of their choice and silence Relators' lawful whistleblowing activity.  As such, Defendant's Motion should be denied.

Dated:  November 30, 2012         /s/ Nicholas C. Harbist
Nicholas C. Harbist
Blank Rome LLP
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
Telephone:  609-750-2991
Facsimile:  609-897-7442
*Attorneys for Relators*

Thomas J. Poulin
W. Scott Simmer
Blank Rome LLP
Watergate
600 New Hampshire Ave., NW
Washington DC 20037
Telephone: 202-772-5986
Facsimile:  202-572-8432
*Of Counsel*