NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>BOSTON SCIENTIFIC NEUROMODULATION CORP.,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 2:11-cv-1210 (SDW) (MCA)<br><br><br>**OPINION**<br><br><br>September 4, 2014 |

**WIGENTON**, District Judge.

Before this Court, on behalf of the United States of America and the *Qui Tam* States[1] by Wendy Bahnsen ("Bahnsen") and Carolina Fuentes ("Fuentes") (collectively "Relators"), is a motion to dismiss the Amended Counterclaims filed defendant Boston Scientific Neuromodulation Corporation's ("BSNC" or "Defendant") ("Motion to Dismiss") and a Motion to Strike Affirmative Defenses ("Motion to Strike") pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f), 9(b) and 8(a).[2]

This Court considers this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. This Court has jurisdiction over this action pursuant to 31 U.S.C. § 3732(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1345. Venue is proper under 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1391(b) and (c).

---

[1] Qui Tam states include: California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Louisiana, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Wisconsin, and the District of Columbia ("*Qui Tam* States"). Relators will also collectively be referred to as "Plaintiffs."

[2] Relators move to dismiss Defendant's Counterclaims and strike the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Thirteenth, Fourteenth, Eighteenth, Nineteenth, Twenty-First, Twenty-Second, Twenty-Third and Twenty-Fifth Affirmative Defenses in the Answer filed by Defendant. (*See* Dkt. No. 85.) One memorandum of law was filed in support of both Motions.

1

For the reasons set forth below, this Court will **DENY** Plaintiffs' Motion to Dismiss as to Defendant's Amended Counterclaims, but **GRANT** as to Affirmative Defenses One and Twenty-three.

**FACTUAL AND PROCEDURAL BACKGROUND**

As this Court has already written an opinion in this matter and writes primarily for the parties, only a brief discussion of the relevant facts and procedural history is provided below.

BSNC is a wholly owned subsidiary of Boston Scientific Corporation ("BSC") that is incorporated in Delaware. (Am. Compl. ¶ 16.) BSNC manufactures, supplies, and sells the spinal cord stimulation system known as Precision Plus SCS System ("System"). (*Id.*) In April 2004, the Food and Drug Administration approved the device as an aid for the management of intractable pain of the back. (Am. Compl. ¶¶ 16-17.) Claims for the device were billed to government programs, including Medicare and Medicaid, throughout the United States including New Jersey. (Am. Compl. ¶¶ 16, 22.)

Relator Bahnsen was employed by BSNC from March 31, 2008 until her termination on October 15, 2009. (Am. Compl. ¶ 7.) From March 31, 2008 until January 2009, Bahnsen worked in BSNC's Customer Service Department. (Am. Compl. ¶ 8.) In January 2009, Bahnsen was promoted to a Reimbursement and Claims Management Specialist in the Billings and Collections Department, where she worked until her termination. (Am. Compl. ¶ 9.)

Relator Fuentes worked as an administrative assistant from May 2005 through March 2008, when she was transferred to the Billing and Collections department. (Am. Compl. ¶ 13.) In February 2009, Fuentes's employment was terminated.[3] (*Id.*)

Relators allege that BSNC violated the False Claims Act ("FCA") by submitting fraudulent claims for payment to Medicare and other government programs for the System's equipment. (Am. Compl. ¶¶ 23, 25.) The alleged practices included submitting claims without a physician's order indicating medical necessity, changing/fabricating diagnosis codes on claim forms, and falsely certifying truthfulness on other government forms. (Am. Compl. ¶ 23.) Additionally, the fraudulent practices were furthered by a backlog in the Billings and Collections Department. (Am. Compl. ¶¶ 27-28.) Rather than address the problem, BSNC pressured billers to process the claims. (*Id.*)

Relators also allege that BSNC's practices resulted in the concealment of defective equipment. (Am. Compl. ¶ 55.) Relators assert that BSNC trained its customer service representatives to not document device problems to prevent them from being reported to the Food and Drug Administration ("FDA"). (Am. Compl. ¶¶ 58-59, 68, 75.) Additionally, Relators allege that BSNC continue to market the devices and did not provide reimbursement or replacements for defective equipment. (Am. Compl. ¶¶ 61, 69.)

Relators allege that BSNC's kickback program skirted around FDA guidelines by unlawfully promoting and prescribing the System for "off-label" uses.[4] (Am. Compl. ¶ 88.)

---

[3] Plaintiffs' Amended Complaint indicates that Fuentes was employed by Defendant from "May 2005 through June 2010 until she was unlawfully terminated"; however, it also states that Fuentes was unlawfully terminated in February 2009. (*See* Am. Compl. ¶ 13.)

[4] When a "medical device is approved for one purpose or indication and [is] used outside this approved purpose" it is deemed to be "off-label." (Am. Compl. ¶ 89.)

*Procedural History*

On March 2, 2011, Relators filed a *qui tam* complaint under seal against BSNC, alleging violations of the FCA, 31 U.S.C. § 3729 *et seq.*, as well as other state-law counterparts. (Dkt. No. 1.) On February 24, 2012, after a year-long investigation, the federal government declined to intervene. (Dkt. No. 8.) On February 28, 2012, the case was reopened. (*Id.*)

The Amended Complaint filed September 10, 2012 includes violations for FCA violations under 31 U.S.C. §§ 3729(a)(1), 3729(a)(2), 3730(h) ("Amended Complaint"). (*See* Am. Compl. ¶¶ 164-74.) On September 24, 2012, Defendant filed a motion to dismiss, a motion to disqualify counsel, and a motion to strike HIPAA records. (Dkt. Nos. 28-30.) This Court denied those motions on May 31, 2013. (*See* Dkt. Nos. 49, 50.) On June 28, 2013, Defendant answered Plaintiffs' Amended Complaint and included twenty-five affirmative defenses and breach of contract counterclaims against both Relators. (Dkt. No. 54.) On July 22, 2013, Plaintiffs filed motions to dismiss Defendant's counterclaims and strike the affirmative defenses. (Dkt. Nos. 55-56.) On January 23, 2014, Defendant filed its Answer and Amended Counterclaims against Relators. (Dkt. No. 84.) On February 6, 2014, Plaintiffs filed the instant Motion to Dismiss Defendant's Amended Counterclaims and Strike Affirmative Defenses. (Dkt. No. 85.)

**LEGAL STANDARD**

*Motion to Dismiss*

*Rule 12(b)(6)*

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "'accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, the claims must call "for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234. Similarly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The standards for a properly pled complaint, by extension apply to counterclaims. *See, e.g.*, *Cnty. of Hudson v. Janiszewski*, 351 Fed. Appx 662, 667–68 (3d Cir. 2009) (applying *Twombly* to counterclaims).

*Rule 9(b)*

Pursuant to Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." For actions based on the FCA, heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply. *See Mason v. Coca-Cola Co.*, 774 F. Supp. 2d 699, 702 (D.N.J. 2011).

*Motion to Strike*

Federal Rule of Civil Procedure 12(f) allows for a court to strike any "redundant, immaterial, impertinent, or scandalous matter." F.R.C.P. 12(f). Generally, motions to strike are highly disfavored. *F.T.C. v. Hope Now Modifications, LLC*, 2011 WL 883202 at *1 (D.N.J. 10 March 2011) (citing *Garlanger v. Verbeke*, 223 F. Supp. 2d. 596, 609 (D.N.J. 2002.)) Motions to strike are "'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Tonka Corp. v. Rose*

*Art Industries, Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993) (quoting *River Road Devel. Corp. v. Carlson Corp.*, No. 89-7037, 1990 WL 69085 at *2 (E.D. Pa. 23 May 1990.))("A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)."); *See Also J&A Realty v. City of Asbury Park*, 763 F. Supp. 85, 87 (D.N.J. 1991.) "[S]triking a pleading should be sparingly used by courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Id.* (quoting *United States v. Consolidation Coal Co.*, No. 89-2124, 1991 WL 333694 at *1 (W.D. Pa. 5 July 1991.)) If there is any doubt as to whether a matter in a pleading should be stricken, the doubt should be resolved in favor of the pleading. *Hanley v. Volpe*, 305 F. Supp 977 (D.C. Wis. 1969) (citing *Walmac Co. v. Isaacs*, 15 F.R.D. 344 (D.R.I. 1954.))

**DISCUSSION**

*Counterclaims*

As a general rule, contract interpretation "is a matter of law for the court." *Atlantic City Racing Ass'n v. Sonic Fin. Corp.*, 90 F. Supp. 2d 497, 506 (D.N.J. 2000). "To establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." *Red Roof Franchising, LLC v. AA Hospitality Northshore, LLC*, 877 F. Supp. 2d 140, 149 (D.N.J. 2012) (quoting *Murphy v. Implicito*, 392 N.J. Super. 245 (App. Div. 2007)); *see also Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).

At this stage, Defendant has sufficiently pled breach of contract counterclaims. Both Relators signed employment agreements, at the beginning of their employment at BSNC, requiring them to refrain from disclosing or retaining certain BSNC confidential or proprietary

information. (*See* Dkt. Nos. 28-2; 28-3; 28-4.) Defendant claims that Plaintiffs impermissibly "took, disclosed, and then published" confidential patient claims data and proprietary business information related to the System and customer lists in their First Amended Complaint, thereby breaching their employment contracts. (Dkt. No. 91, at 9.) Additionally, while Defendant has not specified the amount of damages allegedly incurred by Plaintiffs for the purported breach of their employment contracts, at this stage that omission does not render these claims futile. *See* Fed. R. Civ. P. 8 (a); Local R. 8.1; *Decosta v. English*, No. 11-2651, 2012 WL 528760, at *6 (D.N.J. Feb. 16, 2012); *RehabCare Grp. East, Inc. v. Trenton Convalescent Operating Co.*, No. 06-2128, 2006 WL 2711496, at *2 (D.N.J. Sept. 20, 2006) ("Rule 8 requires only that the complaint 'provide fair notice of what the plaintiff's claim is and the grounds upon which it rests." (quoting *Oswell v. Morgan Stanley Dean Witter & Co., Inc.*, No. 06-5814, 2007 WL 1756027, at *5 n.4 (D.N.J. June 18, 2007)).

Plaintiffs argue that the Defendant's counterclaims for breach of contract should be dismissed for failure to state a claim upon which relief can be granted since the agreements, essentially restricting the disclosure of documents evidencing false claims against the government, would frustrate the underlying policy considerations of the FCA. (Dkt. No. 85, at 7-10.) However, accepting the factual allegations as true and construing BSNC's counterclaims in the light most favorable to BSNC at this stage, as required by Rule 12(b)(6), the amended counterclaims state with sufficient particularity the circumstances constituting the Relators' breach of contract to satisfy the pleading requirements.

*Affirmative Defenses*

Plaintiffs move to strike the following Affirmative Defenses in the Answer filed by Defendant: the First (failure to state a claim); Third (claims barred by FCA public disclosure

provision); Fourth (losses and damages are related to Relators' own conduct, not Defendant's actions); Fifth (claims barred under the doctrine of laches); Sixth (claims are barred by doctrine of contributory negligence); Seventh (claims are barred because they did not engage in protected activities); Eighth (actions were based on reasonable factors, not retaliation); Ninth (same action would have been taken without protected conduct); Tenth (failure to mitigate damages); Eleventh (failure to mitigate damages); Thirteenth (barred by the doctrine of estoppel); Fourteenth (barred by the doctrine of waiver); Eighteenth (claim for punitive damages barred under Texas law); Nineteenth (claims are barred because alleged action would be against Defendant's anti-retaliatory policy); Twenty-First (barred by statues and regulations related to Medicare); Twenty-Second (third party fault); Twenty-Third (failure to plead with particularity) and Twenty-Fourth (noted as the Twenty-Fifth) (waiver of liability doctrine). (*See* Dkt. No. 85.)[5]

Affirmative Defenses One and Twenty-Three were previously ruled upon by this Court in the May 2013 Opinion. (*See* Dkt. No. 49.) Affirmative Defense One essentially claims that the Plaintiffs' First Amended Complaint fails to state a claim upon which relief could be granted and Affirmative Defense Twenty-Three claims that Plaintiffs have not pled with particularity as required by Federal Rule of Civil Procedure 9(b). (Dkt. No. 30.) As discussed herein, and in the Courts' May 2013 Opinion, Plaintiffs have pled with sufficient particularity facts constituting BSNC's alleged fraud under the FCA to satisfy Rule 9(b). As such, both Affirmative Defenses One and Twenty-Three are dismissed.

Defendant's arguments for dismissing the other affirmative defenses are not persuasive. Specifically, Defendant argues that the Seventh, Eight, Ninth, and Nineteenth Affirmative Defenses should be stricken as they are only denials of Relator's claims and are redundant. This

---

[5] Although eighteen of twenty-five affirmative defenses were listed in Plaintiffs' Motion to Strike, the motion focused on sixteen.

Court disagrees. As noted, motions to strike a defense from pleadings are not favored and if there is doubt, it shall be resolved in favor of maintaining the pleading. *Tonka Corp.*, 836 F. Supp. at 217. The other defenses filed in this matter are sufficiently pled and will remain.

**CONCLUSION**

For the reasons set forth above, this Court will **DENY** Plaintiffs' Motion to Dismiss as to Defendant's Amended Counterclaims. This Court will also **GRANT IN PART AND DENY IN PART** the Motion to Strike, as only Affirmative Defenses One and Twenty-Three will be dismissed.

<u>s/ Susan D. Wigenton, U.S.D.J.</u>

Orig:      Clerk
cc:        Parties
           Magistrate Judge Arleo