UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel*. WENDY A. BAHNSEN, et al., <br><br> Plaintiffs/Relators, <br><br> v. <br><br> BOSTON SCIENTIFIC NEUROMODULATION CORPORATION, <br><br> Defendant. | Civil Action No. <br><br> 2:11-cv-1210-JMV-SCM <br><br> **REPORT AND RECOMMENDATION ON ATTORNEYS FEES AND COSTS** <br><br> **[D.E. 469]** |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION,** United States Magistrate Judge.

This matter comes before the Court upon Plaintiffs/Relators' ("Relators") Motion for Attorneys' Fees and Costs seeking $7,621,908.82, following Relators' acceptance of an Offer of Judgment from Defendant Boston Scientific Neuromodulation Corporation ("Boston Scientific"). The Honorable John Michael Vazquez, U.S.D.J. referred the motion for Report and Recommendation.[1] Upon consideration of the parties' submissions and for the reasons stated herein, it is respectfully recommended that Relators' motion for attorneys' fees and costs be **GRANTED IN PART**. It is recommended that the Court award Relators $4,632,828.84 in attorney's fees and $908,583.33 in litigation costs, for a total award of $5,541,412.17.

---

[1] L. Civ. R. 72.1(a)(2).

**I.      BACKGROUND AND PROCEDURAL HISTORY[2]**

This is a False Claims action brought by Relators Wendy A. Bahnsen and Caroline H. Fuentes (collectively "Relators"). Relators filed their Complaint on March 2, 2011, alleging that Boston Scientific violated the Federal False Claims Act ("FCA") by executing fraudulent billing schemes.[3] Boston Scientific is a Government-approved supplier, distributor, and developer of medical devices.[4] Relator Wendy A. Bahnsen ("Relator Bahnsen") was a medical biller employed by Boston Scientific.[5] Relator Carolina H. Fuentes ("Relator Fuentes") was also employed in the Billing and Collections department of Boston Scientific.[6] Relators voluntarily provided the Government with non-public information regarding Boston Scientific's billing practices.[7] Relators then filed their Complaint pursuant to 31 U.S.C. § 3730(b)(2).[8] Relators were subsequently terminated from their respective positions with Boston Scientific.[9]

In their Complaint, Relators alleged Boston Scientific engaged in a systematic practice of submitting false claims beginning in 2006.[10] The Complaint further alleged that Boston Scientific

---

[2] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[3] (D.E. 1, Compl.).

[4] (D.E. 19, Pl.'s Am. Compl. ¶ 27).

[5] (*Id.* ¶ 9).

[6] (*Id.* ¶ 13).

[7] (*Id.* ¶ 12, 15).

[8] (D.E. 19, Pl.'s Am. Compl. ¶ 11, 14).

[9] (*Id.* ¶ 11, 14).

[10] (*Id.* ¶ 23).

sought to conceal defective equipment and reports of patient harm from the Government.[11] Relator Bahnsen, in her capacity as a customer service representative, alleged that she was instructed to conceal certain information from the Government in order to avoid detection from the FDA.[12]

Relators filed their Complaint on March 2, 2011.[13] On February 24, 2012, the United States Government declined to intervene.[14] On May 22, 2019, after litigating the case for eight years, the parties agreed to settle.[15] The United States Government reviewed the settlement, pursuant to 31 U.S.C. § 3730(b), and consented to dismissal of the action.[16] The pending matter arises from Relator Bahnsen's motion for attorneys' fees.[17] Boston Scientific opposes the motion.[18]

## II.     LEGAL STANDARD

Under the False Claims Act, "the person bringing the action or settling the claim shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages…such person shall also receive an amount for *reasonable* expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs"[19] in an action where

---

[11] (D.E. 19, Pl.'s Am. Compl. ¶ 55).

[12] (*Id.* ¶ 59).

[13] (D.E. 1, Compl.).

[14] (D.E. 10, Not. of Declination).

[15] (D.E. 465, Stip. of Dismissal).

[16] (D.E. 466, Letter).

[17] (D.E. 469, Mtn. for Atty's. Fees).

[18] (D.E. 476).

[19] 30 U.S.C. § 3730(d)(2) (emphasis added).

the Government did not intervene. The defendant is to award these reasonable fees and costs to the prevailing *qui tam* plaintiff.[20]

The party seeking fees must first submit evidence that supports the request is reasonable.[21] If the opposing party wishes to challenge the fee award, the opposing party must then object to the reasonableness "with sufficient specificity."[22]

The "lodestar" method is the proper method to ascertain reasonable fees in Fair Claims Act cases.[23] Using the lodestar method, "a court assigns a reasonable hourly rate and multiplies that rate by the reasonable number of hours expended on the litigation."[24] Although the Third Circuit presumes the lodestar yields a reasonable fee, district courts retain discretion to adjust the lodestar.[25] "The party seeking adjustment has the burden of proving that an adjustment is necessary."[26] District courts may adjust the lodestar based on a number of factors, including but not limited to:

> the time and labor required; the novelty and difficulty of the legal issue, the skill required to perform the legal service properly; the customary fee in the community for similar work; the amount involved and the results obtained; the experience, reputation and

---

[20] 30 U.S.C. § 3730(d)(2).

[21] *Rode v. Dellaricprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

[22] *Id*.

[23] *Simring v. Rutgers*, 634 Fed. Appx. 853, 857 (3d Cir. 2015); *United States* ex rel. *Doe v. Pennsylvania Blue Shield, Xact Medicare Serv.*, 54 F. Supp. 2d 410, 413 (M.D.P.A. 1999).

[24] *Simring*, 634 Fed. Appx. at 857 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)).

[25] *Rode*, 892 F.2d at 1183.

[26] *Id*.

ability of the attorneys; the nature and length of the attorney-client relationship; and fee awards in similar cases.[27]

### III.   DISCUSSION AND ANALYSIS

With the above principles in mind, the Court notes that Boston Scientific does not dispute that Relators are entitled to fees and costs, just that the requested amount is reasonable. Further, Boston Scientific does not meaningfully dispute the fees of Relators' local counsel, only the *far* more substantial fees of Susman Godfrey's professionals. Accordingly, the Court will only address the issues in dispute, whether litigation costs and Susman Godfrey's requested fees are reasonable.

#### a.   Breakdown of Fee Award Sought

Relators seek an award of attorneys' fees and litigation costs totaling $7,621,908.82.[28] Of this amount, $908,583.33 are litigation costs[29] and $6,713,037.00 consists of attorney's fees.[30]

The requested attorney's fees are further broken down into $403,390.00 in fees for local counsel,[31] and $6,309,647.00 in requested fees for the professionals at Susman Godfrey ("Susman Godfrey's fees").[32] Local counsel's $403K in fees consist of 1,007.5 hours at $400 hourly for

---

[27] *Pub. Interest Research Grp. v. Windall*, 51 F.3d 1179, 1185 n.8 (3d Cir. 1995).

[28] (D.E. 469-1 at 33). The Court notes that these amounts vary slightly throughout the papers for this motion, likely due to rounding differently in different calculations. Since the Court ultimately calculates using the loadstar method, these minor discrepancies do not matter to the final recommendation of the Court.

[29] (D.E. 469-13 at 2).

[30] (D.E. 469-12 at 2); (D.E. 469-14 at 22).

[31] (D.E. 469-14 at 22).

[32] (D.E. 469-12 at 2).

partner Grant McGuire, and 3.6 hours at $150 per hour for associate Kelly Thomas.[33] Relators calculate Susman Godfrey's $6.3M in fees, the only ones in dispute, as 9,840.2 hours at a blended rate of $618 per hour,[34] and provide the following summary, which shows rates ranging from $1,900 per hour for the lead partner to $125 per hour for the most junior paralegal, with most paralegals claiming $275 per hour:

| Name | Position | Rate | Hours | Subtotal |
|---|---|---|---|---|
| Carmody, Bill | Partner | 1900 | 456.5 | $ 867,350.00 |
| Subramanian, Arun | Partner | 1050 | 1452.5 | $ 1,525,125.00 |
| Shepard, Steven | Partner | 750 | 16.0 | $ 12,000.00 |
| Connors, Jordan | Partner | 600 | 1998.5 | $ 1,199,100.00 |
| Gervais, Michael | Associate | 575 | 1919.5 | $ 1,103,712.50 |
| Musico, Mark | Associate | 575 | 1867.5 | $ 1,073,812.50 |
| Lusztig, Tamar | Associate | 575 | 15.5 | $ 8,912.50 |
| Joshi, Khushbu | Staff Attorney | 325 | 200.3 | $ 65,097.50 |
| Howell, Chase | Staff Attorney | 300 | 45.6 | $ 13,680.00 |
| Vidaurri, Aimeé | Staff Attorney | 275 | 133.8 | $ 36,795.00 |
| Polanco, Rodney | Paralegal | 275 | 584.7 | $ 160,792.50 |
| Arreola, Norberto | Paralegal | 275 | 115.5 | $ 31,762.50 |
| DeGeorges, Simon | Paralegal | 275 | 93.9 | $ 25,822.50 |
| Dolan, John | Paralegal | 275 | 46.7 | $ 12,842.50 |
| Cobden, Jan | Paralegal | 275 | 24.0 | $ 6,600.00 |
| Santos, Vanessa | Paralegal | 275 | 22.4 | $ 6,160.00 |
| Schulze, Stacy | Paralegal | 275 | 9.0 | $ 2,475.00 |
| Stanley, Joanna | Paralegal | 275 | 9.0 | $ 2,475.00 |
| McLaren, Jeffrey | Paralegal | 275 | 8.5 | $ 2,337.50 |
| Wojtczak, Richard | Paralegal | 275 | 3.0 | $ 825.00 |
| Tan, Joel | Paralegal | 270 | 102.6 | $ 27,702.00 |
| Chokshi, Aashka | Paralegal | 225 | 43.9 | $ 9,877.50 |
| Henry, Christopher | Paralegal | 225 | 1.8 | $ 405.00 |
| Biddle, Taylor | Paralegal | 200 | 0.5 | $ 100.00 |
| Bruns, Mandi | Paralegal | 175 | 338.2 | $ 59,185.00 |
| Beard, Rebecca | Paralegal | 175 | 228.5 | $ 39,987.50 |
| Vedenina, Alisa | Paralegal | 150 | 77.0 | $ 11,550.00 |
| Marron, Sara | Paralegal | 125 | 25.3 | $ 3,162.50 |
| Total | | | 9,840.2 | $ 6,309,647.00 |

---

[33] (D.E. 469-14 at 22).

[34] (D.E. 469-12 at 2); (D.E. 469-1 at 27). The Court notes that dividing Susman Godfrey's fees by the total number of hours works out to a blended rate of $641.21 per hour, not $618 per hour.

For convenience, the Court notes that this adds up to 3,923.5 hours for partners, 3,802.5 hours for associates, 379.7 hours for staff attorneys, and 1,734.5 hours for paralegals.

### b. Reasonable Hourly Rates

Relators request a blended rate of $618 per hour for all of Susman Godfrey's personnel, including both attorneys and paralegals. Boston Scientific objects both to this blended rate, and to the individual rates reported for many of the Susman Godfrey personnel. Specifically, Boston Scientific cites blended rates from recent caselaw as being in the $450 per hour range and cites various surveys and cases to show that individual rates such as Bill Carmody's $1900 per hour are far outside of even those covered by other top litigators.[35]

First, while $1,900 per hour is undoubtably high for this jurisdiction, under the lodestar method, what ultimately matters is the blended rate that will be used to calculate the lodestar, not the individual rates reported in the fee summary.

Second, although the $618 per hour requested blended rate is on the upper end of reasonable rates for the jurisdiction, similar rates have been granted in the past few years in this district: $610 per hour was used to calculate the loadstar in a 2018 class action case,[36] and Judge Vazquez approved fee awards in two 2017 cases where a lodestar cross-check showed rates equivalent to $644 and $670 per hour.[37] Reasonable rates do not have to be the average rates for a

---

[35] (D.E. 476 at 13).

[36] *See Talone v. Am. Osteopathic Ass'n*, 2018 WL 6318371 (D.N.J. Dec. 3, 2018).

[37] *See P. Van Hove BVBA v. Universal Travel Grp., Inc.*, 2017 WL 2734714 (D.N.J. June 26, 2017); *Dartell v. Tibet Pharm., Inc.*, 2017 WL 2815073 (D.N.J. June 29, 2017).

jurisdiction, and the Court is not convinced that anything over a blended rate of $450 per hour would be unreasonable.[38]

However, although $618 is a reasonable blended rate under these circumstances for these attorneys, it is not reasonable to also apply this rate to work done by paralegals. Since Boston Scientific has not supplied an alternative reasonable rate for paralegals, the Court will not reduce this rate below that of the local associate on the case, who billed $150 per hour.

The Court therefore accepts Relators' requested rate of $618 per hour for all Susman Godfrey attorneys, but sets the rate for their paralegals separately, at the rate of $150 per hour.

### c. Reasonable Hours Expended

Likewise, the Court approves of most, but not all, of the hours requested by Relators. A party "is not automatically entitled to compensation for all the time its attorneys spent working on the case."[39] Instead, a court must "decide whether the hours set out were reasonably expended for each of the particular purposes described, and then exclude those that are excessive, redundant, or otherwise unnecessary."[40] Once an opposing party has made a specific objection, the burden lies with the prevailing party to justify its request.[41] Boston Scientific has objected to four categories

---

[38] The Court does not take the fee schedule for Community Legal Services of Philadelphia ("CLS") into account. Although the Third Circuit has approved awards calculated using this schedule in other cases, it has not explicitly approved its use in determining reasonable rates in New Jersey and has certainly not mandated their use in doing so. *See Boles v. Wal-Mart Stores, Inc.*, 650 F. App'x 125, 129 (3d Cir. 2016) (affirming award of attorney's fees in New Jersey, but not explicitly examining whether rates over the CLS would be unreasonable); *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 135 (3d Cir. 2018) (approving of use of CLS by district court to set rates in a case venued in the Eastern District of Pennsylvania).

[39] *Stever v. Harrison*, 16-cv-298, Letter Order dated April 27, 2018, at 1.

[40] *Id.* (internal quotation marks omitted).

[41] *Id.*

of hours requested by Relators: vague time entries, excessive time entries, excessive travel time, and frivolous motion practice. The Court has reviewed samples of the entries in question, and finds that Susman Godfrey generally spent its time on reasonable activities, and generally spent a reasonable amount of time on each activity, with notable exceptions.

The Court is particularly concerned by the vagueness of certain entries, especially given the amount of time that the firm's partners spent on them.[42] For example, the Court counts 172 entries with the exact description "Reviewing documents" and no more, amounting to 918.5 hours of time. Notably, Arun Subramanian, a partner who billed at $1,050 per hour, had 42 such entries amounting to 330.5 hours. Mr. Subramanian sometimes used only this description for 8 hours per day, every day, for week-long stretches. Although such vague billing is occasionally acceptable for junior associates performing initial document review, such descriptions are nowhere near detailed enough for the court to review the reasonableness of the hours for partners and senior associates. It is *not* reasonable for senior attorneys such as Messrs. Subramanian, Connors, Musico, and Gervais to be performing the type of initial document review that does not warrant further description, but these four attorneys alone account for 140 such entries—totaling 788.7 hours and not including the numerous equally vague variations such as "reviewing discovery."

Susman Godfrey's attorneys have implied that they needed so much basic document review because they replaced another firm who had been handling the case. However, they also acknowledge that they are not entitled to fees for work that was already performed before they entered the case. They cannot bill for time to get up to speed that would not have been necessary if previous counsel remained on the case.

---

[42] This subsection relies on the Court's own detailed review of D.E. 469-12.

Rather than detail all of the various vague and excessive entries contained in the 117 pages provided by Relators (roughly 3,500 entries), the Court finds that a reduction of 850 hours, less than 9% of the total requested hours, is a good analogue of the size of the problem.

The Court therefore reduces the 8,105.7 attorney hours requested for Susman Godfrey attorneys by 850 hours, to 7,255.7 hours.

### d. Lodestar Calculation

For the reasons set forth above, the lodestar in this case is calculated as follows:

| Legal Professionals | Reasonable Hourly Rate | Reasonable Hours Expended | Subtotal of Recoverable Fees |
|---|---|---|---|
| Grant McGuire (local partner) | $400 | 1,007.5 | $403,000.00 |
| Kelly Thomas (local associate) | $150 | 2.6 | $390.00 |
| Susman Godfrey Attorneys | $618 | 7,255.7 | $4,484,022.60 |
| Susman Godfrey Paralegals | $150 | 1,734.5 | $260,175.00 |
| **TOTAL FEES** | | | **$5,147,587.60** |

As noted above, the Court may adjust this lodestar based on a number of factors.[43] Here, both parties urge the Court to focus on "the amount involved and the results obtained."[44] Boston Scientific argues that the result obtained necessitates a downward adjustment, since the ultimate settlement was for far less than the original demand.[45] Although Relators do not request an upward

---

[43] *Pub. Interest Research Grp. v. Windall*, 51 F.3d 1179, 1185 n.8 (3d Cir. 1995).

[44] (D.E. 469-1 at 29-31); (D.E. 476 at 33-39).

[45] (D.E. 476 at 33-39).

adjustment, they imply that one would be justified because Boston Scientific previously argued that the settlement amount ultimately obtained is "more than the constitutional maximum."[46]

The Court is unconvinced by Relators' argument. Fees in excess of $5M may have been reasonable had Relator's attorneys achieved a result anywhere near the original demand in this suit of roughly $70M. But, in light of that original demand, the Court cannot call the $2.5M actually obtained exceptional. The fact that Boston Scientific has previously argued that it should not have had to pay that much is unavailing.

The Court observes that the rest of the *Windall* factors are either accounted for in the lodestar calculation itself (for example, the time and labor required, the customary fee, and the experience, reputation, and ability of the attorneys), or are inapplicable here. The Court will therefore adjust the lodestar down by ten percent, for a total attorney fee award of $4,632,828.84.

    e. **Litigation Costs**

As noted above, Relator additionally requests $908,583.33 in litigation costs. Boston Scientific requests that this Court impose a 50% reduction across the board to this amount, but does not provide adequate justification for such an extreme reduction.[47] Rather, it only provides concrete objections to travel expenses amounting to at most a few thousand dollars, and then objects generally to the summary amounts for expert fees, research charges and printing, claiming that each category lacks sufficient documentation.[48] However, Relators itemized all of these charges.[49] For example, with respect to the expert fees, each charge contained a description with

---

[46] (D.E. 469-1 at 30 (emphasis omitted)).

[47] (D.E. 476 at 30-33).

[48] *Id*.

[49] (D.E. 469-13).

the vendor and the purpose of the vendor.[50] It is unclear what level of detail Boston Scientific expects.

Since Boston Scientific has failed to make specific objections that the Court can act upon, the Court is not required to review the litigation costs line-by-line in search of savings. The court therefore recommends granting Relator's request for litigation costs totaling $908,583.33.

## IV. RECOMMENDATION

For the reasons set forth above, it is respectfully recommended that Relators' motion for attorney's fees and costs be **GRANTED IN PART**. It is respectfully recommended that Relators be awarded $4,632,828.84 in attorney's fees and $908,583.33 in litigation costs, for a total award of $5,541,412.17.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

2/14/2020 9:13:35 AM

Original: Clerk of the Court
Hon. John Michael Vazquez, U.S.D.J
cc: All parties
File

---

[50] (*Id.* at, e.g., 115).