<u>Not for Publication</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

UNITED STATES OF AMERICA, *ex rel.*
WENDY A. BAHNSEN, *et al.*,

     Plaintiffs/Relators,

     v.

BOSTON SCIENTIFIC
NEUROMODULATION CORPORATION,

     Defendant.

---

Civil Action No. 11-1210

**<u>OPINION & ORDER</u>**

**<u>John Michael Vazquez, U.S.D.J.</u>**

     This matter comes before this Court on the February 14, 2020 Report and Recommendation (the "R&R") of Magistrate Judge Steven C. Mannion. D.E. 487. The R&R addressed Relators' motion for attorneys' fees, costs, and expenses. D.E. 469. Defendant Boston Scientific Neuromodulation Corporation ("BSNC") opposed the motion, D.E. 476, and Relators filed a reply, D.E. 478. The R&R recommends that this Court award Relators $4,632,828.84 in fees and $908,583.33 in litigation costs, for a total award of $5,541,412.17. D.E. 487. Defendants filed objections, D.E. 488, as did Relators, D.E. 489. Both parties filed responses. D.E. 491; D.E. 492. The Court reviewed all relevant documents and submissions, and for the reasons stated below, the Court adopts the R&R in part with modifications. Relators are granted $4,624,207.74 in counsel fees and $907,670.88 in litigation costs, for a total award of $5,531,878.62.

## I.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

The factual details of this dispute are explained in detail in the R&R, which the Court incorporates by reference.  Relators Wendy A. Bahnsen and Caroline H. Fuentes brought this False Claims Act action against BSNC, a Government-approved supplier, distributor, and developer of medical devices.  Relators, who were employees of BSNC's Billing and Collections Department, alleged that BSNC executed fraudulent billing schemes.  Relators alleged that BSNC engaged in a systematic practice of submitting false claims beginning in 2006 and sought to conceal defective equipment and reports of patient harm from the Government.  *See* R&R at 1-2.

Relators filed their Complaint on March 2, 2011.  D.E. 1.  The United States declined to intervene.  D.E. 10.  On May 22, 2019, the parties agreed to settle.  D.E. 466.  On June 21, 2019, Relators filed the motion, seeking $7,621,908.82 for fees, costs, and expenses.  D.E. 469.

Judge Mannion issued the R&R on February 14, 2020, recommending that Relators be awarded $4,632,828.84 in fees and $908,583.33 in litigation costs, for a total award of $5,541,412.17.  R&R at 1.  Judge Mannion first considered the hourly rates under the lodestar method and found a blended rate of $618 to be reasonable for all attorneys at Susman Godfrey, the firm representing Relators, but applied lower rates to Susman Godfrey paralegals and local counsel.  *Id.* at 8.  Judge Mannion then considered the hours expended.  Because of concern over the vagueness of certain entries (including 172 entries described as only "Reviewing documents"), Judge Mannion recommended reducing the requested 8,105.7 Susman Godfrey attorney hours by 850 hours, to 7,255.7 hours.  *Id.* at 9.  Judge Mannion then considered adjustments to the lodestar, looking specifically to the "results obtained," and recommended a 10% downward adjustment of the fee award.  *Id.* at 11.  As to costs, Judge Mannion recommended granting Relator's request for litigation costs of $908,583.33 because BSNC had failed to make specific objections.  *Id.* at 12.

2

On February 28, 2020, BSNC filed objections to the R&R.  D.E. 488.  BSNC argues that (1) the lodestar should be recalculated at local billing rates; (2) the lodestar should eliminate all fees related to futile motion practice, and travel to and from the forum; (3) the lodestar should be reduced due to lack of success in the results obtained; and (4) BSNC's objections to the cost award must be considered.  *Id.*  On the same day, Relators filed "limited objections" to the R&R, stating that Relators "largely do not object" to the R&R.  D.E. 489 at 1.  Relators argue that (1) no rate reduction is appropriate; (2) no fee reduction is appropriate; and (3) no success discount is appropriate.  *Id.*  Relators separately indicated that they have no objections provided that Defendants' objections are overruled.  D.E. 495.

## II.  LEGAL STANDARD

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within 14 days of service.  L. Civ. R. 72.1(c)(2).  The district court "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  *Id.*; *see also Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *2 (D.N.J. Oct. 12, 2012).  The district court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record."  L. Civ. R. 72.1(c)(2); *see Edelson V., L.P.*, 2012 WL 4891695, at *2.  "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review.  At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard."  *Edelson V., L.P.*, 2012 WL 4891695, at *3 (internal quotations, citations, and brackets omitted).  "[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is

'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes).

## III. ANALYSIS

The False Claims Act ("FCA") is a fee-shifting statute. When the government does not intervene and the FCA action is settled, the relator "shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d)(2). "All such expenses, fees, and costs shall be awarded against the defendant." *Id*.

In a statutory fees case, the party seeking fees has the burden to prove that its request for counsel fees is reasonable by submitting evidence supporting the hours worked and rates claimed. *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 139 (3d Cir. 2018). The party opposing the fee award then has the burden to challenge the reasonableness of the requested fee. *Id*. Once the challenging party does so, "the district court has a great deal of discretion to adjust the fee award in light of those objections." *Id*. (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). The goal is "to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Fees are presumed reasonable when calculated using the lodestar method, by which a court assigns a reasonable hourly rate and multiplies that rate by the reasonable number of hours expended on the litigation. *Simring v. Rutgers*, 634 F. App'x 853, 857 (3d Cir. 2015). The multiplier is a device that attempts to account for the contingent nature or risk involved in a particular case and the quality of the attorneys' work. *In re Ins. Brokerage Antitrust Litigation*, 579 F.3d 241, 280 (3d Cir. 2009) (citing *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 302 (3d

Cir. 2005).  The lodestar multiplier "need not fall within any pre-defined range, provided that the

District Court's analysis justifies the award."  *Id.*  Specifically, in conducting a lodestar analysis a

court considers the degree of the prevailing party's success in determining the reasonableness of

the time expended, as well the "the reasonableness of the hourly rate of 'the prevailing attorney in

comparison to rates for similar services by lawyers of reasonably comparable skill, experience,

and reputation in the community.'"  *Litton Indus., Inc. v. IMO Indus., Inc.*, 982 A.2d 420, 429 (N.J.

2009) (quoting *Furst v. Einstein Moomjy, Inc.*, 860 A.2d 435, 447 (N.J. 2004).

District courts may adjust the lodestar based on several factors, including the following:

> [T]he time and labor required; the novelty and difficulty of the legal
> issue, the skill required to perform the legal service properly; the
> customary fee in the community for similar work; the amount
> involved and the results obtained; the experience, reputation and
> ability of the attorneys; the nature and length of the attorney-client
> relationship; and fee awards in similar cases.

*Pub. Interest Research Grp. v. Windall*, 51 F.3d 1179, 1185 n.8 (3d Cir. 1995).

**A.  Hourly Rates**

A reasonable hourly rate is the "prevailing [rate] in the community for similar services by

lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S.

886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).  Judge Mannion accepted Relators'

requested rate of $618 per hour for all Susman Godfrey attorneys but applied a rate of $150 per

hour for Susman Godfrey paralegals (equal with local counsel's associate rates) and applied local

counsel rates for hours attributed to local counsel.  R&R at 8.

BSNC argues that the hourly rates Relators seek are too high for this jurisdiction.  D.E. 488

at 19-20.  The relevant number under the lodestar method is the blended rate—not the high Susman

Godfrey partner rates, which are balanced by the lower rates charged by more junior attorneys.

The hourly rates applied here are reasonable, even without finding an exception to the forum rate

rule.[1]  *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 705 (3d Cir. 2005) (noting

that the forum rate rule contains two exceptions: (1) when the need for the special expertise of

counsel from a distant district is shown; and (2) when local counsel are unwilling to handle the

case).  The Walder declaration supports a finding that a $618 hourly rate is reasonable.  D.E. 469-

2 ¶ 19-20.  Further, the cases to which Judge Mannion cited also reflect that $618 hour is reasonable

in this jurisdiction.  *See Talone v. Am. Osteopathic Ass'n*, 2018 WL 6318371 (D.N.J. Dec. 3, 2018);

*P. Van Hove BVBA v. Universal Travel Grp., Inc.*, 2017 WL 2734714 (D.N.J. June 26, 2017);

*Dartell v. Tibet Pharm., Inc.*, 2017 WL 2815073 (D.N.J. June 29, 2017).[2]  This Court therefore

agrees with Judge Mannion's conclusion that $618 is a reasonable rate for all Susman Godfrey

attorneys, while $150 is an appropriate rate for Susman Godfrey paralegals.[3]

### B.  Hours Expended

Relators' motion sought 9,840.2 hours attributed to Susman Godfrey and 1,010.10 hours

attributed to local counsel.  D.E. 469-12 at 2; D.E. 469-14 at 22.  BSNC objected to Relator's

initial motion with respect to four categories of Susman Godfrey hours: vague time entries,

---

[1] BSNC refers to the Community Legal Services of Philadelphia ("CLS") fee schedule for comparison to the hourly rates here.  D.E. 478 at 17.  As Judge Mannion points out, the CLS schedule has been approved for use in Philadelphia and does not control in Newark.  D.E. 487 at 8.

[2] These cases are instructive even where the lodestar analysis was conducted to serve as a cross-check or were unopposed because the awards granted were considered and approved by the court.

[3] The R&R takes Relator's blended rate of $618, which Relators reached by combing hours billed by all timekeepers, and applies it only to Susman Godfrey attorney hours.  This effectively results in an overall blended rate of closer to $518 per hour.  While this Court agrees that $618 per hour is a reasonable rate for lead counsel, this Court finds an overall blended rate, including local counsel and paralegals, of $518 to be reasonable.  The Court therefore adopts Judge Mannion's recommendation to apply separate rates to hours attributed to Susman Godfrey paralegals and local counsel.

excessive time entries, excessive travel time, and frivolous motion practice.  D.E. 476 at 21-27.

After reviewing samples of the billing entries, Judge Mannion found that Susman Godfrey

generally spent its time on reasonable activities and generally spent a reasonable amount of time

on each activity, with certain exceptions.  R&R at 9.  The exceptions included vague entries related

to "reviewing documents" and "reviewing discovery."  *Id*.  Judge Mannion therefore

recommended that the requested Susman Godfrey attorney hours be reduced by 850 hours, as an

appropriate analogue to the problem of vague entries, which this Court agrees is a proper reduction.

*Id.* at 10.   BSNC now objects to hours spent on frivolous motion practice and excessive travel

time.  D.E. at 31-32.  This Court takes each objection in turn and agrees that the fees for travel to

and from the forum should be excluded from this award.  This Court will therefore adopt Judge

Mannion's recommended reduction of 850 hours, and further reduce the award by 15.5 hours for

travel, resulting in 7240.2 Susman Godfrey attorney hours.[4]

### 1.  Motion practice

BSNC objects to over $420,000 in "fruitless discovery motion practice."  D.E. 488 at 30.

In support, BSNC points primarily to a discovery dispute over physician orders, which BSNC

characterizes as futile.  D.E. 476 at 28-29.  The law does not say, however, that a litigant who loses

a motion cannot recover fees for work spent on it, and multiple attempts to achieve a desired result

does not necessarily render hours unreasonable.  Judge Mannion reviewed the entries in question

---

[4] Relators request additional fees for the hours spent litigating the fee dispute since the initial briefing on the motion for attorneys' fees.  D.E. 489 at 3.   Relators do not include any documentation of hours spent, nor do they provide a number of hours or total cost, so this Court is unable to adequately address the request.  *See United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 139 (3d Cir. 2018) (noting that the party seeking attorneys' fees has the burden to prove that its request for attorneys' fees is reasonable by submitting evidence supporting the hours worked and rates claimed).

and found them to generally be reasonable, R&R at 9, and the Court agrees.  Further, the fact that

BSNC did eventually produce the physician orders belies the conclusion that the motion practice

was "fruitless."  D.E. 233 at 3.  The Court agrees that the hours spent on motion practice were

reasonable and will not reduce the award for this reason.

### 2.  Travel

BSNC also objects to Susman Godfrey attorney fees incurred for travel to and from the

forum.  D.E. at 31.  Under normal circumstances, a party that hires counsel from outside the forum

of the litigation may not be compensated for travel time.  *United States ex rel. Palmer v. C&D*

*Techs., Inc*., 897 F.3d 128, 134 (3d Cir. 2018) (affirming District Court's decision not to reimburse

out-of-forum counsel's travel time to and from the forum); *Hahnemann Univ. Hosp. v. All Shore,*

*Inc.*, 514 F.3d 300, 311 (3d Cir. 2008).  "However, where forum counsel are unwilling to represent

plaintiff, such costs are compensable."  *Hahnemann*, 514 F.3d at 312 (quoting *Interfaith Cmty.*

*Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 710 (3d Cir.2005)).  While Relators argue that local

New Jersey counsel was unavailable or unwilling to take this case, D.E. 491 at 15, the record does

not support a finding that counsel from within the forum was unwilling to represent Relators.[5]  The

Court will therefore exclude the 15.5 hours[6] as to Susman Godfrey attorneys attributed to travel to

---

[5] Judge Mannion did not address arguments as to travel time specifically, instead opting to reduce hours by 850.  Because the Third Circuit is clear that travel to and from the forum is not normally compensable, this Court elects to apply a further 15.5 reduction.

[6] Time entries referencing travel to and from Newark are: D.E. 469-12, IDs 2113621 (M. Gervais, 2.0 hrs, "traveling to hearing"), 2152370 (B. Carmody, 2.5 hrs, "Traveling to and from New Jersey"), 2153114 (M. Gervais, 5.0 hrs, "Traveling to and from NJ. Attending settlement conference."), 2165079 (A. Subramanian, 6.0 hrs, "Traveling to New Jersey. Attending mediation with Judge Wolin."), 2368172 (M. Gervais, 1.0 hr, "Traveling to and from settlement conference."), 2418051 (M. Gervais, 2.0 hrs, "Traveling to and from pre-trial conference."), 2567646 (M. Gervais, 9.0 hrs, "Preparing for hearing.  Travelling (sic) to and from hearing. Attending hearing on motions."), 2569707 (M. Musico, 10.0 hrs, "Preparing for and attending final pretrial conference and argument.  Traveling to and from Newark").  For mixed entries referring

and from Newark.

### 1.  Lodestar Calculation and Success Reduction

Given the analysis above, including the 850-hour reduction recommended by Judge Mannion and the additional subtraction of 15.5 hours for Susman Godfrey attorney travel time, the lodestar is calculated as follows:

| Legal Professionals | Reasonable Hourly Rate | Reasonable Hours Expended | Subtotal of Recoverable Fees |
| --- | --- | --- | --- |
| Grant McGuire (local partner) | $400 | 1,007.5 | $403,000.00 |
| Kelly Thomas (local associate) | $150 | 2.6 | $390.00 |
| Susman Godfrey Attorneys | $618 | 7,240.2 | $4,474,443.60 |
| Susman Godfrey Paralegals | $150 | 1,734.5 | $260,175.00 |
| **Total Fees** | | | $5,138,008.60 |

The Court may adjust this lodestar based on the *Windall* factors delineated above.  *Pub. Interest Research Grp. v. Windall*, 51 F.3d 1179, 1185 n.8 (3d Cir. 1995).   The degree of success obtained is "the most critical factor" in deciding whether to adjust a fee award.   *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 135 (3d Cir. 2018) (affirming 10% reduction where settlement payment was approximately 6% of relator's demand).  Judge Mannion recommended a downward adjustment of 10% based on the results achieved: a $2.5 million settlement.  R&R at 10.  The Court agrees.  Both parties object to the 10% adjustment—Relators argue no success discount is appropriate, while BSNC argues a larger adjustment is warranted.  D.E. 489 at 8; D.E.

---

to hours spent in addition to travel time, this Court attributed 2.0 hours to travel time, which is the average time spent on travel, to the nearest hour, when listed individually.

488 at 32.  While Relators are correct that the settlement represents more than BSNC claimed was constitutionally allowed, it is also significantly less than the $70 million initially sought.  The remaining *Windall* factors are encompassed in the lodestar or otherwise inapplicable.  A 10% reduction is therefore appropriate, and the total fees to be awarded amount to $4,624,207.74.

### C. Litigation Costs

Judge Mannion recommended granting relator's full request for litigation costs, totaling $908,583.33.  R&R at 12.  While BSNC did make general objections to the costs, Judge Mannion pointed out that they failed to make specific objections and that the Court is not required to review the litigation costs line-by-line in search of savings.  *Id.*  BSNC now disagrees with the assertion that they failed to make specific objections.  D.E. 488 at 34.

This Court agrees that BSNC did not make specific objections that the Court is able to act upon.  BSNC points to a "substantial portion" of its opposition brief and that it identified "over $160,000 in 'Research charges' and over $440,000 in "Expert Fees'" as well as "Relators' Counsel's inexplicable request for more than $60,000.00 for printing and photocopies.'"  D.E. 488 at 34 (quoting D.E. 476 at 30-33).  As Judge Mannion noted, these objections are "generally to the summary amounts" spent by Relators, but Relators itemized all charges.  R&R at 11.  The only concrete objections are to travel expenses which amount to a small sum in the context of the overall fee award.  That said, in line with the discussion above regarding travel fees, this Court will reduce the award by $912.45 for costs associated with travel to and from New Jersey.[7]  This Court therefore grants litigation costs in the amount of $907,670.88.

---

[7] This Court identifies $912.45 in travel expenses: D.E. 469-13, IDs 2428924 ($5), 2428933 ($21), 2434277 ($67.86), 2449680 ($10.50), 2460997 ($223.37), 2593258 ($584.72).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, and for good cause shown,

**IT IS** on this 11th day of January, 2021,

**ORDERED** that the Report and Recommendation (D.E. 487) is adopted in part and otherwise modified; and it is further

**ORDERED** that the Report and Recommendation is adopted as to the hourly rates, an 850-hour reduction, and a 10% downward reduction.  The portion of the Report and Recommendation that addresses travel fees and costs is modified as stated herein; and it is further

**ORDERED** that Relators' motion for attorneys' fees and costs (D.E. 469) is **GRANTED in part**; and it is further

**ORDERED** that Relators are awarded $4,624,207.74 in attorneys' fees and $907,670.88 in litigation costs, for a total of $5,531,878.62.

John Michael Vazquez, U.S.D.J.